James T. Burton (Utah Bar No. 11875)
Joshua S. Rupp (Utah Bar No. 12647)
**KIRTON MCCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile:  (801) 321-4893
jburton@kmclaw.com
jrupp@kmclaw.com

*Attorneys for Plaintiff Nexus Spine, L.L.C.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEXUS SPINE, L.L.C., a Utah limited liability corporation, | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| Plaintiff, | Case No.: 2:24-cv-00658-JNP |
| vs. | Judge:  Jill N. Parrish |
| ACUITY SURGICAL DEVICES, LLC, a Texas limited liability company, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Nexus Spine, L.L.C., by and through undersigned counsel, hereby complains and alleges against Defendant Acuity Surgical Devices, LLC, as follows:

### PARTIES

1.      Plaintiff Nexus Spine, L.L.C. ("Plaintiff") is a Utah limited liability company having its principal place of business at 2825 East Cottonwood Parkway, Suite 330, Salt Lake City, Utah 84121.

2.      On information and belief, Defendant Acuity Surgical Devices, LLC ("Defendant") is a Texas limited liability company having its principal place of business at 8710 North Royal Ln, Irving, Texas 75063.

## JURISDICTION AND VENUE

3.      This is a civil action arising under the Lanham Act, Title 15, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

4.      This Court has subject-matter jurisdiction over Plaintiff's federal question claims asserted in this action pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5.      To the extent necessary, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in connection with or underlying Plaintiff's federal claims.

6.      This Court has personal jurisdiction over Defendant inasmuch as, on information and belief, Defendant has specific contacts with Utah sufficiently related to the causes of action alleged herein so as to warrant the exercise of personal jurisdiction by this Court over Defendant and/or Defendant has sufficient continuous and systematic contacts with this forum so as to be considered at home in Utah, or has otherwise knowingly and purposefully directed its infringing and unlawful activities at customers and potential customers in Utah, or has otherwise placed its infringing products into the stream of commerce and in Utah, the harms of which are being felt by Plaintiff in Utah, so as to render Defendant subject to jurisdiction in this District.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

8.      Plaintiff designs, manufactures, and/or sells various medical products and medical devices, including a line of spinal implants, such as, *inter alia*, interbody devices, anterior cervical plate systems, spinal fixation systems, and related items (collectively, the "Products"), and is well known and highly regarded in the industry for the quality of its Products, including associated devices and/or services.

9.      In connection with the manufacture and sale of the aforementioned Products, as well as associated devices and/or services, Plaintiff has established extensive common law trademark and trade name rights (along with associated goodwill and consumer recognition) in and to a family of registered and/or common law marks that are formed in connection with the root word "STABLE," including at least STABLE-C® (U.S. TM Reg. No. 6,429,153), STABLENEC® (U.S. TM Reg. No. 7,305,316), and STABLE-L® (U.S. TM Reg. No. 7,442,476) (collectively, the "STABLE Family of Marks").

10.      In view of Plaintiff's established proprietary and exclusive rights in its STABLE Family of Marks, the United States Patent and Trademark Office has issued registrations on the Principal Register for certain of Plaintiff's STABLE Family of Marks as follows:

        a.      STABLE-C® in connection with goods in International Class 10, namely "Medical apparatus, namely, a spinal fusion device; Medical devices for spinal disc repair in the nature of spinal disc implants made from artificial substances; Medical devices, namely, spinal implants composed of artificial materials; Spinal implants composed of artificial material; Surgical implants comprising artificial material," registered on July 20, 2021, based on use in commerce since at least October 9, 2020;

b.     STABLENEC® in connection with goods in International Class 10, namely "Surgical implants comprising artificial material," registered on February 13, 2024, based on use in commerce since at least June 19, 2023; and

c.     STABLE-L® in connection with goods in International Class 10, namely "Spinal implants composed of artificial material; Surgical implants comprising artificial material; Surgical implants comprising artificial material and associated surgical instrument sets; Medical apparatus, namely, a spinal fusion device; Medical devices for spinal disc repair in the nature of spinal disc implants made from artificial substances; Medical devices, namely, spinal implants composed of artificial materials; Surgical and medical apparatus and instruments for use in spinal surgery; Surgical instruments for use in spinal surgery," registered on July 9, 2024, based on first use as of April 12, 2021, with use in commerce since at least January 5, 2022 (all of the foregoing goods in International Class 10 being included in the previously defined term Products).

11.     From and after the respective dates of first use in commerce identified above, Plaintiff's STABLE Family of Marks are and have been in continuous commercial use in connection with the advertising and sale of one or more of the Products, including on Plaintiff's website (https://www.nexusspine.com/), among other locations.

12.     As a result of Plaintiff's extensive use of its STABLE Family of Marks, pertinent consumers have come to associate STABLE-formative marks in the relevant field exclusively with Plaintiff, and Plaintiff has acquired extensive and valuable consumer goodwill and recognition in connection with its STABLE Family of Marks.

13.     Plaintiff has also acquired extensive common law rights in connection with its STABLE Family of Marks through continuous use of one or more of the same in interstate commerce within the United States since such marks were adopted, respectively.

14.     Moreover, Plaintiff's STABLE Family of Marks have been the subject of extensive publicity and advertising, and Plaintiff has expended significant resources in the development and promotion of the Products provided under or in connection with Plaintiff's STABLE Family of Marks.

15.     Indeed, Plaintiff has extensively and continuously advertised and promoted its high-quality Products under or in connection with Plaintiff's STABLE Family of Marks to the relevant consuming public, through various means and modes, including, but not limited to, over the Internet through Plaintiff's website and social media accounts, in-person at industry events and tradeshows, and by other means calculated to reach Plaintiff's existing and potential customers.

16.     As a result of the foregoing, Plaintiff's STABLE Family of Marks have become a source identifier among existing and potential consumers of Plaintiff's high-quality Products as well as related goods and/or services.

17.     Through its extensive efforts and investments of time, money, and other resources, Plaintiff has acquired and is the owner (in some instances by assignment from its sister corporation, Nexus TDR, Inc.) of valuable goodwill in Plaintiff's STABLE Family of Marks, in addition to well-established common law and federally registered trademark rights therein throughout the United States.

18.     Moreover, Plaintiff's federal registrations listed above provide nationwide notice of Plaintiff's ownership of all right, title, and interest in and to certain of Plaintiff's STABLE Family of Marks.

19.     Notwithstanding Plaintiff's established common law and federally registered nationwide rights in its STABLE Family of Marks dating back (in part) to October 9, 2020, on information and belief, on or around October 2023, Defendant began advertising (or using) confusingly similar variations of Plaintiff's STABLE Family of Marks, without authorization or permission from Plaintiff, at least on Defendant's website (https://acuitysurgical.com) in connection with purported anterior cervical systems akin to some of Plaintiff's Products, starting with "Stabil ACDF" and/or "Stabil NF" and then (after being put on express notice of Plaintiff's rights in and to the STABLE Family of Marks at least as early as February 1, 2023) transitioning to at least "Stabilis ACDF" and/or "Stabilis NF" (collectively, the "Infringing Marks").[1]

20.     Defendant's adoption of and/or use of the Infringing Marks is confusingly similar to Plaintiff's STABLE Family of Marks, particularly in connection with goods which are identical or substantially related to Plaintiff's Products and which are offered to identical or substantially similar consumers through identical or substantially similar channels of trade.

21.     On information and belief, Defendant's intention to adopt and/or use the Infringing Marks is highly likely to cause, and/or has caused, consumer confusion and/or a false association between Plaintiff and its Products, on the one hand, and Defendant and its substantially similar products, on the other hand; Defendant's intention to adopt and/or use the

---

[1] Since then, Defendant has even sought to register its Infringing "STABILIS" Mark on an intent-to-use basis with the United States Patent and Trademark Office, in further contravention of Plaintiff's established rights.  (*See* U.S. TM App. Ser. No. 98/456,259.)

Infringing Marks falsely leads or will falsely lead consumers to believe that either the parties' competing anterior cervical medical devices and implants emanate from the same source or that Plaintiff is somehow affiliated with or endorses Defendant, neither of which are inaccurate.

22.     On information and belief, Defendant's conduct has resulted in, and will continue to result in, consumer confusion, causing substantial and irreparable harm to Plaintiff and to consumers in this District.

23.     Defendant's advertisements and/or promotion of anterior cervical medical devices and implants under the Infringing Marks has been and is without permission or authority from Plaintiff and has continued and increased willfully and without regard to Plaintiff's rights, notwithstanding notice and demands for cessation at least as early as February 1, 2024.

24.     On information and belief, Defendant had never used any of the Infringing Marks prior to late September 2023 (at the earliest), long after Plaintiff had already commenced use of and had acquired extensive rights in and to Plaintiff's STABLE Family of Marks, making Plaintiff the senior user with priority of rights in and to Plaintiff's STABLE Family of Marks.

25.     On information and belief, Defendant adopted and/or began using the Infringing Marks in approximately October 2023 (at the earliest), with full awareness of Plaintiff and Plaintiff's STABLE Family of Marks, in order to intentionally and willfully trade on Plaintiff's goodwill and reputation in the industry or to otherwise mislead and deceive consumers in contravention of, *inter alia*, the Lanham Act.

26.     Moreover, long after Plaintiff had already commenced use of and had acquired extensive rights in and to Plaintiff's STABLE Family of Marks and also after Defendant had been put on express notice of the same, Defendant filed an intent-to-use application (U.S. TM

App. Ser. No. 98/456,259) on March 19, 2024, to register "STABILIS" (the "Pending Application") in connection with "Intervertebral human body implants comprising artificial material for implantation in the human spine" in International Class 10, falsely stating that, "To the best of [Defendant's] knowledge and belief, no other persons … have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

27.    On information and belief, by adopting and/or commencing use of the Infringing Marks and advertising medical devices and implants thereunder akin to some of Plaintiff's Products, which are sold under or in connection with the STABLE Family of Marks, Defendant has misrepresented and falsely described to the general public the origin and source of Defendant's products so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's products by the ultimate purchaser as to both the source and affiliation of Defendant's products.

28.    On information and belief, Defendant, having full notice of Plaintiff's priority and senior rights in and to its STABLE Family of Marks, intended to and did trade on the goodwill associated therewith and has misled (and will continue to confuse and mislead) the public into assuming a non-existent connection between Plaintiff, on the one hand, and Defendant, on the other hand, by virtue of Defendant's offer to the public of its competing products under or in connection with the Infringing Marks.

29.    On information and belief, Defendant's use of the Infringing Marks constitutes (a) a knowing and willful use of a false designation of origin, (b) a false description or representation that wrongly and falsely designates Defendant's products as originating from, connected with, endorsed by, or affiliated with Plaintiff, and (c) utilizing false descriptions or representations in commerce.

30.    On information and belief, Defendant's imitation, reproduction, and other unauthorized use of the Infringing Marks is causing and will continue to cause irreparable injury to Plaintiff, including injury to Plaintiff's business reputation and goodwill.

31.    On information and belief, Defendant's use of the Infringing Marks has, does, and is likely to permit Defendant to pass off its products as those of Plaintiff, unjustly enriching Defendant to the detriment of Plaintiff.

32.    On information and belief, Defendant's use of the Infringing Marks has caused, currently causes, and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and Products sold under or in connection with Plaintiff's STABLE Family of Marks in the absence of injunctive relief.

33.    Despite multiple notices of Plaintiff's prior and senior rights in its STABLE Family of Marks, Defendant refused to cease its intentional infringing use of the confusingly similar Infringing Marks.

34.    Defendant knowingly continues to use the Infringing Marks, including, as discussed *supra*, filing a federal trademark application to register the root Infringing Mark STABILIS based on false representations to the United States Patent and Trademark Office.

35.     On information and belief, Defendant has intentionally and willfully adopted and used (or intends to use) the Infringing Marks despite full knowledge of Plaintiff's prior exclusive rights in its STABLE Family of Marks.

36.     Accordingly, Defendant's conduct is knowing, intentional, willful, and deliberate.

37.     Defendant's unlawful activity has resulted in and continues to result in irreparable harm and injury to Plaintiff, including:

    a.     Depriving Plaintiff of its right to determine the manner in which its Products and brand are presented to the general public;

    b.     Deceiving the public as to the origin and sponsorship of Defendant's products offered in connection with the Infringing Marks; and

    c.     Wrongfully trading on Plaintiff's reputation, goodwill and exclusive rights in Plaintiff's STABLE Family of Marks.

38.     Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's established trademark rights.

39.     Plaintiff is further entitled to recover from Defendant its damages, including treble damages, interest, attorneys' fees, and costs Plaintiff has sustained and will sustain and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts, as alleged herein, which damages, gains, profits, and advantages will be established through discovery.

## CAUSES OF ACTION

### COUNT I
### (Declaratory Judgment re: Plaintiff's Senior Rights in the STABLE Family of Marks and Defendant's Lack of Rights in its Purported STABILIS Mark(s))

40.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

41.     Plaintiff is the senior user in interstate commerce, and the exclusive owner of, Plaintiff's STABLE Family of Marks in connection with the Products.

42.     On information and belief, Defendant expressly abandoned its initial Stabil ACDF and/or Stabil NF Infringing Marks.

43.     Nevertheless, Defendant has knowingly and intentionally adopted or purportedly begun to use or intends to use its so-called Stabilis ACDF and/or Stabilis NF Infringing Marks in connection with competing goods which are identical or substantially similar to Plaintiff's Products, which Infringing Marks are confusingly similar to and likely to cause confusion with Plaintiff's senior STABLE Family of Marks.

44.     Moreover, Defendant has applied to register the infringing root word STABILIS with the United States Patent and Trademark Office premised on false representations.

45.     Where Defendant applied to register the infringing root word STABILIS with the United States Patent and Trademark Office based on false representations only after Defendant had received express notice of Plaintiff's rights in and to the STABLE Family of Marks, and where Plaintiff would be injured by any such registration, an actual and justiciable controversy exists between Plaintiff and Defendant regarding Defendant's alleged trademark rights relative to Plaintiff's trademark rights.

46.     For the above reasons, either alone or in concert with one another, Plaintiff is entitled to a declaratory judgment that Defendant has no rights in its purported STABILIS-formative Infringing Marks such that the Pending Application should be abandoned and withdrawn with prejudice.

47.     Plaintiff lacks an adequate legal remedy to protect its interest in its STABLE Family of Marks.

48.     Plaintiff will suffer hardship and damages if the declaratory relief prayed for herein is not granted.

49.     The public interest will be served by the issuance of an order adjudicating the parties' respective trademark rights, or lack thereof, and requiring the abandonment or withdrawal of Defendant's Pending Application with prejudice.

50.     Plaintiff is entitled to equitable relief in the form of an order adjudicating the parties' respective trademark rights, or lack thereof, and requiring the abandonment or withdrawal of Defendant's Pending Application with prejudice.

**COUNT II**
**(Trademark Infringement – 15 U.S.C. § 1114)**

51.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

52.     Plaintiff owns all right, title, and interest in and to its STABLE Family of Marks, including the federally registered marks STABLE-C®, STABLENEC®, and STABLE-L®.

53.     As a result of Plaintiff's registration of the same, Plaintiff is entitled to a presumption of validity and ownership of the STABLE-C®, STABLENEC®, and STABLE-L® marks, as well as the exclusive right to use the same in interstate commerce.

54.     Defendant's unauthorized use of the Infringing Marks, as alleged herein, is likely to confuse, mislead, or deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant and/or Defendant's goods, services, and commercial activities with Plaintiff and is likely to cause consumers either to believe that Defendant's goods or services are sold, authorized, endorsed, or sponsored by Plaintiff or that Defendant is in some way affiliated with or sponsored by Plaintiff, both of which are untrue.

55.     Defendant's unauthorized use, therefore, constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56.     On information and belief, Defendant had both actual and constructive notice that it was not authorized to use Plaintiff's STABLE Family of Marks or any marks deceptively or confusingly similar thereto.

57.     On information and belief, Defendant's use in commerce of Infringing Marks confusingly similar to or imitating Plaintiff's STABLE Family of Marks was and is being done deliberately, willfully, and with the intent to confuse and deceive the relevant consuming public.

58.     Defendant's conduct is causing or is likely to cause immediate and irreparable harm and injury to Plaintiff, including to Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the relevant consuming public unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

59.     Plaintiff is entitled to, *inter alia*, injunctive relief and an award of actual damages, disgorgement of Defendant's profits, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre- and post-judgment interest thereon.

**COUNT III**
**(Trademark Infringement and/or False Designation of Origin – 15 U.S.C. § 1125(a))**

60.    Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

61.    Plaintiff has developed and owns extensive federally registered and common law trademark rights and valuable goodwill in and to Plaintiff's STABLE Family of Marks, and the relevant consuming public recognizes the STABLE Family of Marks as being distinctive and as identifiers of goods and services associated exclusively with Plaintiff.

62.    In addition to Plaintiff's presumptive ownership of and exclusive nationwide rights in the STABLE-C®, STABLENEC®, and STABLE-L® marks, discussed *supra*, Plaintiff owns all right, title, and interest in and to the STABLE Family of Marks, including the exclusive right to use the STABLE Family of Marks in connection with the Products in interstate commerce.

63.    Plaintiff has invested substantial resources to develop, advertise, and market goods and services, including the Products and associated devices and services, in association with or under the STABLE Family of Marks.

64.    Plaintiff is the senior user of the STABLE Family of Marks in connection with the Products in interstate commerce.

65.    Plaintiff began using at least some of the STABLE Family of Marks in October 2020 and has never abandoned or ceased such use.

66.    Defendant is making commercial use of, or intends to make commercial use of, the Infringing Marks in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant, or vice versa, and as

14

to the origin, sponsorship, or approval by Plaintiff of Defendant's goods, services, or commercial activities, which is inaccurate.

67.     On information and belief, Defendant's unauthorized and confusing use of the Infringing Marks is willful and done with actual or constructive knowledge of Plaintiff's senior rights in the STABLE Family of Marks.

68.     On information and belief, Defendant acted with the intent to trade on Plaintiff's reputation and goodwill by causing confusion among consumers as to the source of Defendant's goods.

69.     As a result of Defendant's actions described in this Complaint, Plaintiff is entitled to all remedies available under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), including, but not limited to, compensatory damages, including treble damages, disgorgement of profits, costs of this suit and proceedings, and, as an exceptional case, attorneys' fees.

70.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, including to Plaintiff's goodwill and reputation, and will continue to damage Plaintiff and confuse the relevant consuming public unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

**COUNT IV**
**(Common Law Trademark Infringement)**

71.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

72.     As a result of Plaintiff's extensive investment in and use of the STABLE Family of Marks, Plaintiff has obtained common law rights to exclusive use of the STABLE Family of Marks in interstate commerce.

73.     Defendant's conduct in adopting and/or using the Infringing Marks in connection with goods which are identical or substantially similar to Plaintiff's Products constitutes common law trademark infringement or is otherwise likely to confuse, mislead, or deceive consumers.

74.     As a result of Defendant's actions described in this Complaint, Plaintiff is entitled to recover from Defendant compensatory damages, profits from Defendant's infringing sales, and, due to the intentional and willful nature of the infringement, exemplary and punitive damages.

75.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, including to Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the relevant consuming public unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

**COUNT V**
**(Common Law Unfair Competition, Deceptive Advertising, and Unfair Trade Practices)**

76.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

77.     Through Defendant's actions as described in this Complaint, including Defendant's infringing use of Plaintiff's STABLE Family of Marks or confusing variations thereof in commerce, including in Utah and elsewhere, Defendant is engaged in passing off, palming off, imitating, causing and/or likely causing confusion, deception, or mistake, and unfairly competing at common law with respect to Plaintiff's rights in its STABLE Family of Marks.

78.     Through Defendant's actions, including Defendant's infringing use of Plaintiff's STABLE Family of Marks or confusing variations thereof in commerce, Defendant is engaged in

making false and deceptive statements concerning the source and/or origin of Defendant's products, goods, and services and the affiliation of Defendant and Plaintiff and, further, engaged in such activities in order to unfairly benefit from Plaintiff's STABLE Family of Marks and Plaintiff's goodwill therein.

79.    Defendant's actions constitute unfair competition, deceptive advertising, and unfair trade practices prohibited by common law in Utah and elsewhere, including by hindering the ability of consumers to identify the commercial source of Plaintiff's products, goods, and services and by misappropriating Plaintiff's labor and resource expenditures in violation of common law.

80.    Defendant's actions have caused Plaintiff damages in an amount to be proven at trial, and Plaintiff is entitled to recovery for the same.

81.    Plaintiff is also entitled to Defendant's profits from infringing sales.

82.    Plaintiff is also entitled to a Court order requiring the destruction and/or impoundment of all infringing materials and other relief as provided at common law.

83.    Based on the foregoing, Plaintiff is entitled to declaratory, injunctive, and monetary relief against Defendant, along with Plaintiff's attorneys' fees and costs.

84.    Defendant's actions constitute willful and malicious or intentionally fraudulent conduct and/or manifest a knowing and reckless indifference toward, and a disregard for, the rights of Plaintiff.

85.    Plaintiff is therefore entitled to an award of exemplary and punitive damages against Defendant.

**COUNT VI**
**(Unjust Enrichment)**

86.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

87.     Defendant has benefited from the improper, unfair, and unauthorized use, misappropriation, and infringement of Plaintiff's exclusive trademark rights and goodwill attendant thereto, as alleged in this Complaint.

88.     Defendant has knowledge of and fully appreciates the improper, unfair, and unauthorized benefits it has received from Plaintiff as a result of such actions.

89.     Defendant would be unjustly enriched if it were permitted to retain the proceeds and the benefits obtained from such actions.

90.     Equity and good conscience dictate that Defendant be required to account for and turn over to Plaintiff an amount equal to the value of the benefits involuntarily conferred upon Defendant.

**COUNT VII**
**(Unfair Competition – Utah Code Ann. § 13-5a-101 *et seq*.)**

91.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint.

92.     Through Defendant's actions as described above, including Defendant's infringing use of Plaintiff's STABLE Family of Marks or intentionally confusing variations thereof in commerce, including in Utah and elsewhere, Defendant is engaged in intentional business acts or practices that are unlawful, unfair, or fraudulent, lead to a material diminution in

value of Plaintiff's intellectual property, and constitute infringement of a trademark or trade name.

93.    Defendant's actions also constitute unfair competition within the meaning of Utah Code Ann. § 13-5a-102(4)(a).

94.    Defendant's actions have caused Plaintiff damages in an amount to be proven at trial, and Plaintiff is entitled to recovery for the same.

95.    Based on the foregoing, Plaintiff is entitled to monetary relief against Defendant, along with Plaintiff's attorneys' fees and costs.

96.    Where Defendant's actions constitute willful and malicious or intentionally fraudulent conduct and/or manifest a knowing and reckless indifference toward, and a disregard for, the rights of Plaintiff, Plaintiff is also entitled to an award of exemplary and punitive damages against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for an order and judgment against Defendant as follows:

A.    That the Court render final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged in this Complaint;

B.    That Defendant, its officers, owners, employees, agents, servants, representatives, and all other persons, entities, or businesses acting in concert or participation with Defendant be permanently enjoined and ordered to:

1.    Immediately stop all direct or indirect use in commerce, promotion, advertisement, reproduction, display, offering for sale, sale, or distribution of

Plaintiff's STABLE Family of Marks or any name or mark confusingly similar to Plaintiff's STABLE Family of Marks, in all media;

2.      Deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, internet posts, advertisements, swag, apparel, and other materials in the possession of Defendant bearing Plaintiff's STABLE Family of Marks or any term confusingly similar to Plaintiff's STABLE Family of Marks; and

3.      Take all steps necessary to abandon, cancel, or otherwise withdraw with prejudice any and all federal, state, or local registrations and applications relating to trademarks, service marks, trade names, corporate names, assumed names, and internet domain names related to use in commerce of Plaintiff's STABLE Family of Marks or any name or mark confusingly similar to Plaintiff's STABLE Family of Marks;

C.      That the Court enter an order instructing Defendant to promulgate advertising to correct and/or prevent any consumer confusion or false association Defendant has created or made in the marketplace;

D.      That the Court enter an order instructing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after the service of any injunction order and any other order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with all elements of the injunction and order;

E.      That the Court enter an order requiring an accounting of all profits received, directly or indirectly, from or through Defendant's acts of infringement, unfair competition, and other violations set forth above and directing that such profits be trebled or otherwise enhanced,

including with interest pursuant to applicable federal and state law, including, without limitation, as noted above;

      F.     That the Court enter an order instructing Defendant to pay Plaintiff's general, special, and actual damages, including treble damages pursuant to the Lanham Act, and exemplary and punitive damages;

      G.     That the Court order Defendant to pay Plaintiff both the costs of this action and attorneys' fees incurred in prosecuting this action;

      H.     That the Court order Defendant to pay Plaintiff pre-judgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment, and such additional pre-judgment interest and post judgment interest as otherwise permitted by law; and

      I.     That the Court grant Plaintiff such additional and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues and/or claims in this action so triable.

DATED this 6th day of September, 2024.

Respectfully submitted,

**KIRTON MCCONKIE**

By: */s/Joshua S. Rupp*
James T. Burton
Joshua S. Rupp

*Attorneys for Plaintiff Nexus Spine, L.L.C.*

21